UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RASHEEN J. MCKAY,<br>    *Plaintiff*,<br><br>v.<br><br>EAST HARTFORD POLICE<br>DEPARTMENT *et al.*,<br>    *Defendants*. | No. 3:16-cv-01954 (JAM) |

**RULING GRANTING DEFENDANTS' MOTION TO DISMISS
AND REMANDING ACTION TO CONNECTICUT SUPERIOR COURT**

Plaintiff Rasheen J. McKay is in prison following his conviction in Connecticut state court on a charge of assault. His conviction stems from his arrest by police officers in East Hartford, Connecticut, after they responded to a report of a stabbing. Plaintiff has filed this civil rights lawsuit against the police on the ground that they violated his federal and state constitutional rights when they arrested and prosecuted him in connection with this stabbing incident. Defendants have now moved to dismiss the complaint.

I conclude that most of plaintiff's claims are barred from my review at this time under the rule of *Heck v. Humphrey*, 512 U.S. 477 (1994), which generally forecloses the use of a federal civil rights action to attack the validity of a state court conviction. Nor has plaintiff established the prosecution against him was terminated in his favor, which is required to allow him to proceed on his claims of false arrest and malicious prosecution. Plaintiff's claim that the police used excessive force when they arrested him at gunpoint is otherwise defeated by qualified immunity.

Accordingly, I will dismiss plaintiff's federal constitutional claims. As for plaintiff's remaining claim under the Connecticut Constitution, I will decline to exercise supplemental

1

jurisdiction and will remand the action to the Connecticut Superior Court from whence it was once removed.

## BACKGROUND

Plaintiff has filed this lawsuit against the East Hartford Police Department as well as several of its police officers and supervisory officials.[1] The proposed amended complaint (Doc. #28-2) sets forth the following facts that I accept as true for the purposes of the motion to dismiss.

Late in the afternoon of September 7, 2014, the police in East Hartford, Connecticut, received a report of a fight. They responded to the scene, encountered an alleged victim of a stabbing, and accompanied the victim to the hospital. The police then interviewed the victim as well as another witness, and the victim made an identification of the perpetrator from a photo array presented to the victim by the police.

The police evidently decided that plaintiff was the perpetrator, and they tracked him down that night at an apartment where plaintiff was staying as an overnight guest of a woman who lived there. The police threatened and intimidated the woman to let them into her apartment without a warrant or her consent, and they then found plaintiff in the bathroom where they arrested him. The officer who found and arrested plaintiff pointed his gun at him, telling plaintiff in expletive-laced words to put his hands up or he would kill him.

Plaintiff was taken to the police station and charged with attempted murder, first-degree assault, and breach of peace. According to plaintiff, the police not only acted without any search

---

[1] Because the names of the police officer defendants are not relevant to my ruling in this motion to dismiss, I will describe the facts without reference to the names of particular officers. In addition, in light of my ruling dismissing this case on alternative grounds, I need not consider whether the East Hartford Police Department is an entity that may be subject to suit.

or arrest warrants but allegedly forged and signed the witness statements that were the basis for his arrest.

About a year and a half after his arrest, plaintiff entered a plea of guilty in Connecticut state court to second-degree assault and for which he is currently serving a five-year sentence of imprisonment. Plaintiff alleges that he pleaded guilty under duress, because his attorney was not going to conduct a proper pre-trial investigation and because he knew he would not receive a fair trial. Plaintiff has since filed numerous civilian complaints against the police, and he has also filed a state habeas corpus petition that apparently remains pending.

In late 2016, plaintiff filed this civil rights lawsuit against the police defendants in the Connecticut Superior Court in Hartford. Defendants decided to remove the action to this Court on the ground that it presented in part a federal question of law under the U.S. Constitution. Plaintiff's proposed amended complaint alleges pursuant to 42 U.S.C. § 1983 that one or more police officers violated his rights under the Fourth Amendment to be free from false arrest, malicious prosecution, unlawful search and seizure, and the use of excessive force.[2] Plaintiff also alleges violation of his rights under Article First, § 7 of the Connecticut Constitution.

### DISCUSSION

Defendants have moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), and the principles governing my review of such a motion to dismiss are well established. The Court must accept as true all factual matters alleged in a complaint, and the allegations of a *pro se* plaintiff's complaint must be read liberally to raise the strongest arguments that they suggest. *See Tracy v.*

---

[2] To the extent that plaintiff alleges a violation of his rights under the Due Process Clause and the Equal Protection Clause, it is well established that such claims that arise in the context of claims that the police acted without probable cause when they unlawfully searched, seized, and initiated a prosecution are subsumed with and subject to analysis under the Fourth Amendment. *See, e.g.*, *Graham v. Connor*, 490 U.S. 386, 394–95 & n.10 (1989). Plaintiff does not make any allegation of disparate treatment or that he was singled out on the basis of his membership in any suspect class or for his exercise of a fundamental right that could serve as the basis of an equal protection claim.

*Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010). Nevertheless, a complaint may not survive unless its factual recitations—even if liberally construed—state a claim to relief that is plausible on its face. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014) (same).

It is a basic rule of our constitutional structure that the federal courts do not have roving jurisdiction to review the judgments of state courts. *See Teichmann v. New York*, 769 F.3d 821, 826 (2d Cir. 2014) (*per curiam*). This is especially true when a federal court is invited to review the validity of a state court's judgment in a criminal case. Although the federal courts have long exercised authority pursuant to 42 U.S.C. § 1983 to consider claims that state and local officials have violated constitutional rights, that authority is curbed when a plaintiff challenges the acts of police or prosecutors that led to his conviction. A civil rights claim pursuant to 42 U.S.C. § 1983 is not a substitute for a direct appeal from a criminal conviction or a challenge to the conviction by way of a habeas corpus petition or similar motion for post-conviction relief.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that in order for a plaintiff "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87. Thus, the Supreme Court's decision in *Heck v. Humphrey* forecloses a prisoner's use of a § 1983 action to "end run" the procedural requirements of a direct appeal or habeas corpus petition in order to challenge a conviction.

Here it is clear that the rule of *Heck v. Humphrey* forecloses most of plaintiff's claims. If I were to rule in plaintiff's favor on any of his claims of false arrest, malicious prosecution, and

4

unlawful search and seizure, it would surely impugn the validity of his state court conviction. I would be asked to find that the police did not have probable cause or that they unlawfully entered the apartment to arrest plaintiff—all findings that would call into question and negate the lawful basis for plaintiff's conviction. Accordingly, all these claims are barred by the rule of *Heck v. Humphrey*.

In addition, plaintiff's false arrest and malicious prosecution claims are separately barred by the requirement that plaintiff prove that the prosecution against him was terminated in his favor. *See Roberts v. Babkiewicz*, 582 F.3d 418, 420 (2d Cir. 2009). The fact that plaintiff ended up pleading guilty to a different charge than one of the three charges initially alleged against him does not suggest that the prosecution terminated in his favor, because "where a prosecution did not result in an acquittal, it is generally not deemed to have ended in favor of the accused, for purposes of a malicious prosecution claim, unless its final disposition is such as to indicate the accused's innocence." *Fulton v. Robinson*, 289 F.3d 188, 196 (2d Cir. 2002).

Plaintiff also claims the police used excessive force. The rule of *Heck v. Humphrey* does not ordinarily bar a claim that the police used excessive force against a civil rights plaintiff, even if the excessive force occurred in the midst of an arrest that eventually led to a successful conviction. That is because—unlike a finding that the police had no probable cause or that they engaged in an unlawful search—a finding that the police used excessive force is collateral to the grounds for conviction and does not usually cast doubt upon the basis and admissibility of evidence used to establish a criminal conviction. *See, e.g.*, *Jackson v. Suffolk Cty. Homicide Bureau*, 135 F.3d 254, 257 (2d Cir. 1998).[3]

---

[3] In rare cases it may be that even a claim of excessive force is barred by the rule of *Heck v. Humphrey* because the police's use of excessive force may negate the elements of the particular crime of conviction. *See, e.g.*, *Sampson v. Pia*, 2017 WL 1138127, at *7-8 (D. Conn. 2017) (concluding that *Heck v. Humphrey* barred an excessive force claim in the context of a charge of interference with the police).

5

Even though the rule of *Heck v. Humphrey* does not bar plaintiff's excessive force claim here, the claim nonetheless fails because plaintiff has not alleged a plausible claim to relief for which the police would not have qualified immunity. The qualified immunity doctrine recognizes that not every violation of constitutional rights warrants an award of money damages. Qualified immunity protects an officer from liability if "(1) his conduct [did] not violate clearly established statutory or constitutional rights of which a reasonable person would have known, or (2) it was objectively reasonable for him to believe that his actions were lawful at the time of the challenged act." *Simpson v. City of New York*, 793 F.3d 259, 268 (2d Cir. 2015).

Plaintiff complains that the police used excessive force because they threatened him at gunpoint when he was arrested. In light of the context involving a hot-pursuit search for the perpetrator of a stabbing, it is readily apparent to me that no objectively reasonable police officer would have thought that plaintiff's arrest at gunpoint would violate his constitutional right to be free from the use of excessive force. Because plaintiff cannot show that the circumstances of the arrest were in violation of any clearly established law (*i.e.*, that it violates clearly established law for an officer who is arresting a suspect for a very recent and serious violent felony offense to effectuate the arrest at gunpoint), the police doubtlessly have qualified immunity from plaintiff's excessive force claim. *See, e.g.*, *Alexander v. Cty. of Los Angeles*, 64 F.3d 1315, 1320 (9th Cir. 1995) (officers did not violate clearly established law when detaining robbery suspects at gunpoint).[4]

---

[4] Of course, my conclusion would be different if I assumed that there were no probable cause in the first instance for the officers to arrest plaintiff. Yet despite my obligation to consider the facts in the light most favorable to plaintiff, I cannot conclude that there was no probable cause for plaintiff's arrest here without in turn impugning the validity of plaintiff's conviction in violation of the rule of *Heck v. Humphrey*. Accordingly, in evaluating the issue of reasonableness under the Fourth Amendment and qualified immunity, I must conclude that the officers had probable cause to arrest plaintiff. If so, it did not violate clearly established law for the police to arrest plaintiff at gunpoint. And in view of this conclusion, I need not further consider whether brandishing a gun and a threat of force may ever suffice to establish an excessive force claim, *see, e.g.*, *Dunkelberger v. Dunkelberger*, 2015 WL 5730605,

In short, I will dismiss all of plaintiff's federal constitutional claims for the multiple reasons discussed above. That leaves only plaintiff's claim for a violation of Article First, § 7 of the Connecticut Constitution. I will decline in my discretion to exercise supplemental jurisdiction over this remaining state law claim. *See* 28 U.S.C. § 1367(c)(3); *see, e.g.*, *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 117-18 (2d Cir. 2013). It is true that Article First, § 7 of the Connecticut Constitution closely resembles the Fourth Amendment to the U.S. Constitution and that this state constitutional provision is often interpreted in light of the cognate protections of the federal constitution. *See, e.g.*, *State v. Kelly*, 313 Conn. 1, 15-31 (2014). But because the parties' briefing does not separately address the state constitutional claim or how the rule of *Heck v. Humphrey* applies—if at all—to a claim for a violation of the state constitution, I think it is appropriate for me to remand this case back to the Connecticut Superior Court for consideration of plaintiff's state constitutional claim in the first instance.

## CONCLUSION

Defendants' motion to dismiss (Doc. #18) is GRANTED as to plaintiff's federal constitutional claims. The Clerk of Court shall remand this case to the Connecticut Superior Court for consideration of plaintiff's state constitutional claim.

It is so ordered.

Dated at New Haven this 25th day of September 2017.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge

---

at *15 (S.D.N.Y. 2015) (discussing such claims), or alternatively whether there is enough doubt on this question alone to additionally trigger the protection of qualified immunity.